An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: C.L.M.-S., N.I.M.-S., AND O.D.M-S.

GAD M.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES,
Respondent.

No. 63019

**FILED**

JUL 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to his three minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

In the order terminating appellant's parental rights, the district court found that because the children had lived outside the home for the preceding 23 months, the statutory presumptions that termination was in the children's best interests and that appellant had engaged in only token efforts because he failed to substantially comply with his case plan applied. The district court further found that appellant failed to rebut those presumptions. This appeal followed.

This court will uphold parental termination orders that are supported by substantial evidence, *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d 126, 129 (2000), and we "will not substitute its own judgment for that of the district court." *Id.* To terminate a parent's rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-24089

that parental fault exists, which can include, but is not limited to, failure of parental adjustment or token efforts to avoid being an unfit parent or to eliminate the risk of serious physical, mental, or emotional injury to the child. *Id.* at 795-96, 8 P.3d at 129-30; *see also* NRS 128.105(2)(d), (f). When a child has been placed outside of his or her home for 14 of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child and that the child's best interest would be served by termination. NRS 128.109(1)(a), (2). Further, a parent's failure to substantially comply with the reunification plan within six months constitutes evidence of a parent's failure to adjust. NRS 128.109(1)(b). The parent may rebut these presumptions by a preponderance of evidence. *In re J.D.N.*, 128 Nev. ___, ___, 283 P.3d 842, 849 (2012).

On appeal, appellant contends that he presented evidence to rebut the presumptions of NRS 128.109 and that respondent failed to prove token efforts and a failure of parental adjustment. Specifically, appellant argues that he completed his required domestic violence and parenting courses and that any delay was due to financial barriers, that he accepted his role in the abuse and neglect that led to his children being removed from his custody, and that he understood that his relationship with the children's mother was not in the children's best interests. Appellant further contends that his regular visitation with the children established that reunification was in the children's best interests under NRS 128.107(3)(b). Respondent argues that it proved application of the statutory presumptions of best interest and token efforts and that appellant failed to rebut the presumptions.

Having reviewed the record and the parties' briefs, we conclude that appellant's contentions lack merit. The district court found that the children suffered from severe neglect and that appellant failed to act. The district court also found that appellant was unable to accept responsibility for several acts of domestic violence. The goals of appellant's case plan were that appellant would be able to meet the children's needs, develop a healthy bond with the children, and ensure that domestic violence no longer occurred. Further, although appellant substantially completed his courses nearly two years after he entered his case plan, the district court expressed concern that the counseling did not adequately address the domestic violence issues and the ultimate objectives of the case plan. Completion of a case plan is not sufficient to rebut the presumptions when the objectives of the case plan are not met. *See In re Parental Rights as to K.D.L*, 118 Nev. 737, 746-48 & n.21, 58 P.3d, 181, 187-88 & n.21 (2002) (noting that appellant's failure to achieve the underlying goals of his case plan was evidence of parental unfitness and failure of parental adjustment).

Additionally, although appellant argues that financial constraints precluded him from completing his case plan in a timely manner, the district court found that his case worker made significant efforts to assist appellant in completing his case plan, yet despite this assistance, appellant did not substantially comply with his case plan until more than 20 months after the plan was put in place. A failure to significantly complete a case plan within six months also serves as evidence of parental fault through a failure of parental adjustment. *See* NRS 128.105(2)(d); NRS 128.109(1)(b). Accordingly, we conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

substantial evidence supports the district court's finding that appellant failed to rebut the presumptions under NRS 128.109.

Appellant also argues that his due process rights were violated because he did not have proper notice that a failure to complete his case plan in a timely manner would lead to a termination of his parental rights. Although appellant did not raise this issue below, thereby waiving the issue on appeal, *see Wolff v. Wolff*, 112 Nev. 1355, 1363-64, 929 P.2d 916, 921 (1996), this court may reach constitutional issues sua sponte. *In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 166 n.24, 87 P.3d 521, 526 n. 24 (2004). At the hearing where appellant pleaded no contest to the abuse and neglect petition, the hearing master specifically asked appellant whether he understood that as a part of the plea appellant would be subject to all court orders including a case plan and that a failure to complete the case plan in a timely manner may subject appellant to a petition to terminate his parental rights. Appellant responded affirmatively. Thus, appellant's contention is without merit.

Having reviewed the record, we conclude that the district court's decision to terminate appellant's parental rights is supported by substantial evidence. Thus, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____ J.
Parraguirre

_____Saitta_____, J.
Saitta



cc: Hon. Robert Teuton, District Judge, Family Court Division
Christopher R. Tilman
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A